[Civ. No. 14647.   Second Dist., Div. One.   Feb. 5, 1945.]

EDWARD GLESBY, Respondent, v. M. H. LERNER, Appellant.

Sarau & Thompson for Appellant.

Nathan E. Gillin for Respondent.

DRAPEAU, J. pro tem.—Plaintiff and defendants were engaged in the business of milling and selling poultry feed. Plaintiff's place of business was in Los Angeles County; defendants' place of business in Riverside County.   The plaintiff was going out of business in 1942; defendants were advised of it, and the parties negotiated a sale by plaintiff to the defendants of a pellet machine.   A pellet machine transforms mash or bran, or like substances, into small, hard pellets which are fed to poultry.

Subsequent to the sale defendants dismantled the machine, shipped it to Riverside County and reassembled it there.

Defendants refused to pay for the machine, and plaintiff brought this action.

In defendants' answer three causes of counterclaim are set up.   The correctness of the judgment is not questioned as to

any counterclaim except the third. This counterclaim alleges warranty and breach thereof by the plaintiff in the sale of the machine.

After three days of testimony, the trial court found for the plaintiff on his complaint and against the defendants on their counterclaim, and judgment followed accordingly. From this judgment defendants have appealed.

A review of the transcript discloses that there is substantial evidence to support the finding of the trial court upon all of the issues. Plaintiff and defendants all went to look at the machine. Some of its working parts were enclosed within a metal housing, which was not opened. Defendants testified to statements of plaintiff which would constitute a warranty, and that when the machine was reassembled in Riverside County it would not work and had to be completely overhauled.

The plaintiff denied making any statements constituting a warranty; he said that he told the defendants the machine was in good condition, but, like all other machines of its kind, it would have to be overhauled frequently, and defendants would have trouble with it.

A year or two before the sale plaintiff had the machine overhauled, and it was then in good running condition. Witnesses testified that it was operated by the plaintiff until three days after the sale, when it was taken down and shipped away by the defendants. From this testimony the inference may have been drawn not only that there was no warranty, but also that the reason this machine would not work when reassembled was because of its removal.

There being substantial evidence to support it, a reviewing court has no alternative but to affirm the judgment.

The judgment is affirmed.

York, P. J., and White, J., concurred.